United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| OCULU, LLC,<br><br>        Plaintiff,<br><br>   v.<br><br>OCULUS VR, INC.,<br><br>        Defendant.<br><br>And Related Counterclaim. | Case No.   5:15-cv-80064MISC HRL<br><br>**ORDER RE DISCOVERY DISPUTE JOINT REPORT NO. 1**<br><br>[Re: Dkt. 5] |

This is an ancillary discovery proceeding stemming from litigation pending in the U.S. District Court for the Central District of California in which plaintiff Oculu, LLC (Oculu) sues Oculus VR, Inc. (Oculus VR) for alleged trademark infringement, Case No. 8:14-sacv-196-DOC (JPRx) (Underling Action). This court is told that in mid-2014, sometime after the Underlying Litigation was filed, non-party Facebook, Inc. (Facebook) acquired Oculus VR through an acquisition by merger on June 22, 2014 with a new entity, Oculus VR, LLC, which is Facebook's wholly owned subsidiary.

Pursuant to Fed. R. Civ. P. 45(d)(3)(A)(i), (iv), Facebook seeks an order from this court, quashing a deposition subpoena served by Oculu. Facebook argues that Oculu failed to provide reasonable notice of the deposition and that the requested discovery is irrelevant and unduly burdensome in any event. The matter is deemed suitable for determination without oral argument. Civ. L.R. 7-1(b). Upon consideration of the respective arguments presented in Discovery Dispute

Joint Report (DDJR) No. 1,[1] this court grants Facebook's request.

A party wishing to take a deposition must give "reasonable written notice" to all other parties. Fed. R. Civ. P. 30(b)(1). There is no fixed rule as to what constitutes reasonable notice. Although ten business days' notice generally is considered reasonable, "the analysis is necessarily case-specific and fact-intensive." In re Sulfuric Acid Antitrust Litg., 231 F.R.D. 320, 327 (N.D. Ill. 2005). Under the circumstances presented here, this court concludes that Oculu's subpoena did not provide reasonable notice to Facebook.

The record indicates that Oculu waited until the last minute to subpoena Facebook for a deposition, and Oculu does not explain why it waited so long or why it could not have sought Facebook's deposition sooner. The District Court's July 21, 2014 scheduling order required the parties to schedule all depositions to begin by February 17, 2015.[2] (Underlying Action, Dkt. 34). Oculu emailed to defense counsel the subpoena for Facebook's deposition (among others) on the evening of February 5, 2015 and required Facebook to appear for deposition some 11 days later on February 16, 2015, the President's Day holiday. Plaintiff apparently had not previously served any deposition notices, despite the approaching February 17 deadline for starting depositions set by the District Court more than six months beforehand. Moreover, plaintiff's subpoenas were served at a time when other depositions had already been scheduled by Oculus VR. Indeed, defense counsel says (and plaintiff does not deny) that on the same day plaintiff served its deposition subpoenas, plaintiff tried to unilaterally cancel depositions of its own witnesses that Oculus VR had already arranged for the following week.

Oculu says that if Facebook needed more time to prepare for deposition, then Oculu would have accommodated a deposition after the February 17 deadline, as the parties apparently have

---

[1] Facebook's original motion to quash was filed on February 17, 2015. That same day, this court directed the parties to file a DDJR in compliance with the undersigned's Standing Order re Civil Discovery Disputes. The instant DDJR was not filed within the time period set out in Standing Order, Section D. This court nevertheless will address this DDJR because the record indicates that Facebook made efforts to timely file the report, but there was a delay in Oculu's response to Facebook's final meet-and-confer correspondence.

[2] Oculu and Facebook state that the deadline for commencing depositions was February 19, 2015. However, the District Court's scheduling order says that depositions are to begin at least 5 *working* days before the February 24, 2015 discovery cutoff.

2

agreed to do with other witnesses. Oculu further contends that there is still plenty of time to depose Facebook because trial is not set to begin until July 28, 2015. Nevertheless, Oculu's arguments ignore the fact that the scheduling order contemplates other events between now and trial---namely, the briefing and hearing of dispositive motions. And, this court sees no basis to approve discovery beyond the set deadlines or that may disrupt the remainder of the District Court's schedule. Although plaintiff argues that any delay in Facebook's deposition was due to Facebook's filing of a motion to quash, Facebook was not obliged to accept a subpoena it found to be objectionable.

As for the seven[3] topics of examination, Oculu has not convincingly demonstrated that the discovery sought is relevant or how the proportionality and other requirements of Fed. R. Civ. P. 26 are satisfied.

Topics 1-4 seek information pertaining to plaintiff's damages theory, based on "principles of equity" referenced in 15 U.S.C. § 1117(a), that plaintiff is entitled to recover a portion of the $132 million Facebook's Form 10-Q corporate filing allocated to "Trade name and other," rather than disgorgement of Oculus VR's profits attributable to the alleged infringement under § 1117(a). These topics, however, are vague and ambiguous, seeking testimony about the "value of the trademarks acquired from Oculus," including "[f]ilings with the SEC," "opinions," and "internal discussions" about "the value of the Oculus trademarks" or "the valuation." Facebook maintains that Oculus VR did not sell its trademarks to Facebook; that Facebook did not purchase any trade names; and that plaintiff already has Oculus VR's financial records for 2014 showing no sale of assets to Facebook. Moreover, this court is told that plaintiff's damages expert has already opined about the portion of Facebook's Form 10-Q he believes are related to the "Oculus" trademarks.

Topic 5 seeks testimony about "Discussions with Oculus about the validity of the Oculus trademarks." All plaintiff says is that such discussions probably took place. It doesn't explain why those discussions have any bearing on the claims or defenses at issue in the underlying action.

Topics 6-7 seek information about Oculus VR's business, including the "Oculus platform"

---

[3] The subpoena noticed eight topics for examination, but plaintiff withdrew Topic 8 which asked for "Correspondence with anyone about this deposition."

3

(a term which is undefined by the subpoena and unexplained by Oculu) and "Expansion of Oculus VR lines of business." Plaintiff has not convincingly demonstrated that this information is relevant. Moreover, it apparently obtained testimony directly from Oculus VR on these matters, and Oculu has not persuasively argued that a deposition of Facebook is justified on the theory that Facebook might say something different.

In sum, this court finds that the requested discovery is irrelevant, or that, even if the requested information bears some relevance to the matters at issue, the discovery sought is unreasonably cumulative or duplicative; could have been obtained from some other source that is more convenient, less burdensome, or less expensive; Oculu had ample opportunity to obtain the information by discovery in the action; and the burden and expense of the proposed discovery outweighs its likely benefit. Fed. R. Civ. P. 26(b)(2)(C)(i)-(iii).

Facebook's request to quash the deposition subpoena is granted.

SO ORDERED.

Dated:   April 28, 2015

_____
HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

4

5:15-mc-80064-HRL Notice has been electronically mailed to:

Bobby A. Ghajar    bobby.ghajar@pillsburylaw.com, inga.delarosa@pillsburylaw.com, sherette.duffus@pillsburylaw.com

Marcus DeWayne Peterson    marcus.peterson@pillsburylaw.com, inga.delarosa@pillsburylaw.com